## Patrick Leahy v. Ancient Order of Hibernians.

1. MUTUAL BENEFIT ASSOCIATIONS—*Sick Benefits—Construction of By-Law.*—Under an article of the constitution providing that the weekly benefits shall be $5 for each week for thirteen weeks during any twelve months, and no fractional part of a week will be allowed, provided, *it was held*, if the sickness is prolonged into different twelve months, the member is entitled to the same benefits as if he had two different sicknesses, one in each of such twelve months.

2. SAME—*Constitution and By-laws Must Be Harmonious.*—The constitution and by-laws should be construed so that, like the constitution and statutes of a State, they will harmonize.

**Memorandum.**—Assumpsit on benefit certificate. Error to the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

### STATEMENT OF THE CASE.

The facts in this case are plain and in all their essential particulars are not controverted.

The plaintiff in error was and is a member of Division No. 1, Ancient Order of Hibernians, of East St. Louis, the defendant in error, which is a beneficial and social organization, organized and acting under and by virtue of authority granted by the Supreme Lodge of the United States.

The evidence in the case shows that the plaintiff in error, while such member, was taken sick, in the summer of 1887, since which time he has continued to be sick and unable to work; that in the year 1888, he went to Ireland, where he still remains; that he received sick benefits to the amount of $65, being for thirteen weeks, at $5 per week, and thereafter there was donated to him by the defendant in error the sum of $25, during each of the years 1889 and 1890, making a total of $115.

The defendant in error refused to pay any more sick benefits, and thereupon the plaintiff in error brought this suit in the year 1891, which was tried before a jury, and after the evidence for the plaintiff in error was all in, a verdict

was returned in favor of the defendant in error, under the following instruction: "The court instructs you that the plaintiff failed to prove a cause of action, and your verdict should be for the defendant," to the giving of which instruction the plaintiff excepted.

In the language of the counsel for the defendant in error, "The only question involved in this case arises upon the proper construction to be placed upon article 15 of the constitution of the defendant in error, and article 8 of the by-laws." Article 15 of the constitution is as follows: "The initiation fee of this order shall be three dollars; the monthly dues shall not be less than thirty-five cents, nor more than fifty cents; the weekly benefits shall be five dollars for each week for thirteen weeks during any twelve months, and no fractional part of a week will be allowed, provided, however, that the board of directors and the committee on sick shall determine what further amount, if any, shall be appropriated. On the death of a member the sum of fifty dollars shall be appropriated to defray the funeral expenses."

Section 5, article 8, of the by-laws of defendant in error provides that "When the division has paid thirteen weeks' sick benefits to any member in any case of sickness, if such sickness still continues, it shall be the duty of the president to convene the board of directors of the division and the visiting committee in meeting, and consider whether the full sick benefits shall be continued during that illness, or reduced to less than five dollars per week, or discontinued. The directors and visiting committee shall be guided by the circumstances of the member and the general term of our laws. No action shall be taken under this section until thirteen weeks' benefits have been paid."

The constitution is that of "The Ancient Order of Hibernians of the United States of America." It was adopted at a national convention held at Cleveland, in 1884, as revised by a committee, while the by-laws were adopted as revised at a State convention held in Illinois the same year.

The defendant in error is a division of the general order above named.

The plaintiff in error was a member, as we gather from the evidence, before the revision of the by-laws, and has always kept his dues paid as thereby required. There is no claim made that his absence in Ireland forfeited or impaired any of the rights obtained by membership, nor that application for relief was not properly made.

WM. P. LAUNTZ, attorney for plaintiff in error.

BRIEF OF DEFENDANT IN ERROR, J. J. RAFTER, ATTORNEY.

Courts in construing by-laws will interpret them reasonably, and will not scrutinize their terms for the purpose of making them void and invalid, in case every particular reason for them does not appear. Hibernia Fire Engine Co. v. Harrison, 93 Pa. St. 264; Angell & Ames on Corporations, Sec. 337.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The question in this case is narrowed down to the proposition as stated by the counsel of defendant in error. "Was the defendant in error under its constitution and by-laws, compelled to continue the payment of sick benefits to the plaintiff in error indefinitely during the time plaintiff in error remained sick?"

It will be observed the constitutional provision is mandatory in its character as to the requirement of the payment of sick benefits. The weekly benefits shall be five dollars for each week for thirteen weeks during any twelve months, provided, however, that the board of directors and the committee on sick shall determine what further amount, if any, shall be appropriated. The term "during any twelve months" means the same as "during any year." The phrase is one of limitation; what does it limit? Not the period of sickness, the number of sicknesses, nor the number of "thirteen weeks" that benefits must be paid. That is, it would not be contended if the member was sick for thirteen weeks only during one year, and then again became and remained sick for another thirteen weeks the next year,

that he could not receive sick benefits for each of such years. To so construe the constitution would be to hold that the benevolent feature of the order was exhausted by the payment of thirteen weeks' benefits, without regard to the length of time of membership. Such a construction would not accord with the preamble of the constitution, which declares, "the membership of this order do declare that the intent and purpose of the order is to promote friendship, unity and true Christian charity among its members, by raising a stock or fund of money for maintaining the aged, sick, blind and infirm members."

It is clear that if a member was sick at different times, during different "twelve months" or years, though such sickness should be prolonged more than "thirteen weeks" each of such years, that he would be entitled to the full amount of benefits each year. Therefore, the limitation is not as to the number of sicknesses. There is no more reason for holding the limitation applies to the length of time the member is sick. If the sickness is prolonged into different "twelve months" the member is entitled to the same benefits as if he had had two different sicknesses, one in each of such twelve months. The limitation was intended to measure the amount of benefits which the member had a right to demand during a certain period of time, viz., twelve months; that is, during no year shall the member be entitled to receive more than thirteen weeks' benefit at the rate of $5 for each week, though he may be sick during the entire year. This construction is believed to be in accord not only with the letter of the law, but also with the spirit of benevolence that pervades the constitution of this order. It is urged, however, the by-laws indicate a different construction. The constitution and by-laws should be construed, if practicable, so that, like the constitution and statutes of the State, they will harmonize; that is, it will be presumed the framers of the by-laws intended the language used should be interpreted so that they will harmonize with the fundamental law of the order.

By the constitution the proper officers could extend benefits beyond the period of thirteen weeks during any one

year, if they deemed it best so to do, or having determined to extend such benefits, which, being a matter of grace, they could at any time thereafter discontinue for such year. Sec. 5 of Art. 8 of the By-laws, read in the light of this interpretation, will harmonize with the constitutional provision relating to benefits. The authority thereby given to discontinue benefits relate to those benefits granted as a matter of grace, and not to those granted by virtue of the law. The judgment is reversed and the cause remanded.